UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Richard Belheimer, | ) | C/A No.: 6:12-00383-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Federal Express Corporation Long | ) | |
| Term Disability Plan, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Introduction**

This matter comes before the Court on Plaintiff Richard Bilheimer's ("Plaintiff") action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2006). This Court has jurisdiction under 28 U.S.C. § 1331 and other relevant statutes. Pending before the Court are the parties' cross-motions for partial summary judgment on the appropriate standard of review. For the reasons stated herein, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment and DENIES Defendant's Cross-Motion.

**Background**

On February 10, 2012, Plaintiff filed this action against Federal Express Corporation Long Term Disability Plan ("Defendant"), pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132(a)(1)(B). While he was employed at Federal Express Corporation, Plaintiff participated in the Federal Express Corporation Long Term Disability Plan ("LTD Plan"). Plaintiff alleges that he is entitled to benefits under the terms of the LTD Plan, which the Defendant's

administrator improperly denied. The parties moved for a stay of the Court's Specialized Case Management Order on September 6, 2012, requesting that the deadlines be stayed until the Court decides the parties' cross-motions for partial summary judgment on the appropriate standard of review.  ECF No. 17.  The Court granted the Motion on September 7, 2012.  ECF No. 19.  Plaintiff filed a Motion for Partial Summary Judgment on October 5, 2012, requesting that the Court review the decision to deny Plaintiff's long-term disability benefits claim under the *de novo* standard of review.  ECF No. 21.  On October 9, 2012, Defendant filed a Cross-Motion for Partial Summary Judgment, asking that the Court apply the abuse of discretion standard of review.  ECF No. 23.  Plaintiff filed a Response in Opposition of Defendant's Motion on October 18, 2012, and Defendant filed a Response in Opposition of Plaintiff's Motion on October 22, 2012.  ECF No. 25 & 26.  Finally, on October 29, 2012, Defendant filed a Reply to Plaintiff's Response in Opposition of Defendant's Motion.  ECF No. 27.

## Discussion

**A.     Legal Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The judge is not to weigh the evidence but rather must determine if there is any genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  All evidence should be viewed "in the light most favorable to the nonmoving party." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citations omitted). Summary judgment is not "a disfavored procedural shortcut;" rather, it is an important

mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

**B.    Analysis**

ERISA does not provide the standard of review for a claim brought pursuant to 29 U.S.C. § 1132(a)(1)(B).  Accordingly, the Supreme Court has held that the default standard is *de novo* review, unless the long-term disability plan appropriately confers discretion upon the administrator "to determine eligibility for benefits or to construe the terms of the plan."  *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 321 (4th Cir. 2008) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If the long-term disability plan appropriately confers discretion, then the court will apply the abuse of discretion standard of review.  *Id.*  Under the abuse of discretion standard, the denial of a benefits claim will not be reversed "if reasonable, even if the court itself would have reached a different conclusion." *Booth v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan*, 201 F.3d 335, 341 (4th Cir. 2000).  Thus, as long as the denial of benefits is the result of "a deliberate, principled reasoning process and . . . is supported by substantial evidence," it will not be disturbed. *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997).

Here, the parties do not dispute that the LTD Plan appropriately conferred discretionary authority to Federal Express, the Plan Administrator.[1]  The relevant part of the LTD Plan Instrument states:

> Section 6.1.  Administrator  The Administrator is a named fiduciary of the Plan and shall have the absolute right and power to construe and interpret the provisions of the Plan and administer it for the best interest of Employees. However, the committee named by the Administrator in Section 5.3, or any

---

[1] Section 1.1 of the Plan Instrument defines "Administrator" as "the Company."  "The Company" is in turn defined as "Federal Express Corporation."  Hence the Plan Administrator is Federal Express Corporation.  Pl.'s & Def.'s Ex. A, at 1–3, ECF No. 21-1 & 23-2.

> subcommittee appointed by such committee, shall have the rights and power given to it pursuant to that Section 5.3. . . . [T]he Administrator's authority shall include, but shall not be limited to, the following powers:
> (a)  to construe any ambiguity and interpret any provision of the Plan or supply any omission or reconcile any inconsistencies in such manner as it deems proper;
> (b)  to determine eligibility for coverage under the Plan in accordance with its terms; and
> (c)  to decide all questions of eligibility for, and determine the amount, manner and time of payment of, benefits under the Plan in accordance with its interpretation of its terms.
>
> The determination of the Administrator shall be made in a fair and consistent manner in accordance with the Plan's terms and its decision shall be final, subject only to a determination by a court of competent jurisdiction that the Administrator's decision was arbitrary and capricious. Nothing contained in this section shall prevent the Administrator from delegating non-fiduciary administrative duties to the Claims Paying Administrator or others as described in this Plan, the Plan's summary plan description or other document.

Pl.'s & Def.'s Ex. A, at 57–58, ECF No. 21-1 & 23-2.

The LTD Plan thus grants discretionary authority to the Administrator "to determine eligibility for benefits or to construe the terms of the plan." *Evans*, 514 F.3d at 321 (quoting *Firestone*, 489 U.S. at 115).

The LTD Plan clearly confers Federal Express, the Plan Administrator, with discretionary authority; however, Federal Express did not make the final decision on Plaintiff's long-term disability benefits claim. Instead, this determination was made by the Aetna Review Committee, a committee appointed by Aetna Life Insurance Company ("Aetna"). Plaintiff argues that the Court should review the decision by Aetna to deny Plaintiff's claim for long-term disability benefits *de novo*, because the Plan Instrument did not explicitly provide Federal Express with the right to delegate its discretionary authority. Plaintiff contends that only final decisions made by Federal Express should be afforded the abuse of discretion standard of review. Pl.'s Mot. & Mem. Supp. Partial Summ. J. 10, ECF No. 21.

Defendant responds with two arguments. First, Defendant contends that Federal Express properly followed modification procedures under the LTD Plan, and modified the Plan to allow for delegation of authority to Aetna, the Claims Administrator. Def.'s Cross-Mot. & Mem. Supp. Summ. J. 8, ECF No. 23. In the alternative, Defendant argues that Section 5.3 of the LTD Plan did not specify how the appeals committee was to be designated; therefore, a non-Federal Express entity could serve as the committee, and make final decisions on long-term disability benefits claims. *Id.* at 10. This Court must determine whether the LTD Plan vested Federal Express with the right to delegate its discretionary authority to Aetna. If the LTD Plan does allow for such delegation, the Court will review the decision to deny Plaintiff's long-term disability benefits claim under the abuse of discretion standard of review. On the other hand, if the LTD Plan does not vest Federal Express with the authority to delegate, the Court will apply the *de novo* standard of review.

ERISA allows named plan fiduciaries to delegate fiduciary duties: "The instrument under which a plan is maintained may expressly provide for procedures (A) for allocating fiduciary responsibilities (other than trustee responsibilities) among named fiduciaries, and (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan." ERISA, 29 U.S.C. § 1105(c)(1) (2006). Thus, courts have applied the abuse of discretion standard to ERISA actions "[w]here a plan instrument reserves to the plan provider the ability to delegate discretion to a third party administrator" and the decisions made by the third party are "within the scope of properly delegated discretion." *Turner v. Ret. & Benefit Plans Comm. Robert Bosch Corp.*, 585 F. Supp. 2d 692, 698 (D.S.C. 2007). A majority of those cases have relied on *explicit* provisions in a plan document vesting the

administrator with the right to delegate its discretionary authority.[2]  *See Madden v. ITT Long Term Disability Plan for Salaried Emp.*, 914 F.2d 1279, 1284 (9th Cir. 1990) ("The Plan . . . expressly authorizes the LTD Administration Committee to delegate another person as fiduciary for the administration of the Plan: 'The LTD Administration Committee *may delegate its authority with respect to the denial, granting, and administration of claims to a claim administrator . . . .*'"), *Connor v. Sedgwick Claims Mgmt. Serv. Inc.*, 796 F. Supp. 2d 568, 579 (D. N.J. 2011) ("As a prerequisite for a plan administrator to assign its fiduciary responsibilities to a third party, the plan must authorize the delegation."), *Waddill v. AT&T Umbrella Benefit Plan No. 1*, No. CV-F-08-614-LJO-DLB, 2009 WL 1748699 at *3 (E.D. Cal. June 19, 2009) ("The Plan also gives the Administrative Committee 'the power to delegate specific fiduciary, administrative and ministerial responsibilities;' the delegations may be to 'officers or employees . . . insurers, Claims Administers or to other persons . . . .'  Thus, it is undisputed that the Administrative Committee had the power under the Plan to delegate functions to third parties.").

If the plan does not grant the plan administrator authority to delegate its discretion, and an entity other than the plan administrator exercises discretion reserved to the administrator, then those decisions are not entitled to the deferential abuse of

---

[2] In *Geddes v. United Staffing Alliance Employee Medical Plan*, the Tenth Circuit held that an Administrator that has been properly vested with discretionary authority may almost always delegate that authority under "long-accepted trust doctrine."  469 F.3d 919, 924–27 (10th Cir. 2006).  However, even in *Geddes* the Plan at issue had explicit language allowing for such a delegation: "'The Company will engage an independent *claims administrator* to administer the Plan, however, the Company makes all final decisions about benefits paid from the Plan.'" *Id.* at 924.  In the decision the court highlighted this express delegation by stating: "The fiduciary's inherent discretion is confirmed and extended when the authority to delegate is explicitly mentioned in the trust agreement . . . nothing prevents that administrator from then delegating portions of its discretionary authority . . . *This is especially true when such delegation is explicitly authorized by the plan document*."  *Id.* at 926 (emphasis added).

discretion standard of review. *See Sanford v. Harvard Indus. Inc.*, 262 F.3d 590, 597 (6th Cir. 2001) ("When an unauthorized body that does not have fiduciary discretion to determine benefits eligibility renders such a decision . . . this deferential [abuse of discretion] review is not warranted."), *Samaritan Health Ctr. v. Simplicity Health Care Plan*, 516 F. Supp. 2d 939, 950 (E.D. Wis. 2007) ("Although discretion regarding benefits may be conferred by the plan on a certain administrator, such that the administrator's decisions are reviewed deferentially, a decision by an unauthorized party is not entitled to such deference, as discretion has not been exercised appropriately.")

In the case at hand, the Plan Instrument designated Aetna as the Claims Paying Administrator.  Pl.'s & Def.'s Ex. A, at 2, ECF No. 21-1 & 23-2. Under the LTD Plan, Aetna was responsible for making the initial eligibility decision on long-term disability benefits claims. *Id.* at 43.  The parties agree that Aetna was a named fiduciary under the LTD Plan, and was responsible for making the initial determination regarding a claimant's eligibility.  Section 5.3(b) of the Plan Instrument informs plan participants of their right to appeal Aetna's initial decision: "Every claimant with respect to whom a claim is denied . . . shall . . . have the right to: (1) request the appeal committee referred to in Subsection (c) to review the denial of benefits . . . ." *Id.* at 47.  Section 5.3(c) defines the appeal committee as follows:

> The Administrator shall appoint an appeal committee for the purpose of conducting reviews of denial of benefits . . . .  The appeal committee described in this Subsection (c) may appoint a subcommittee, subcommittees or an individual to review certain matters as described in the appeal committee's minutes and such subcommittee, subcommittees or individual shall perform the review described in this Subsection (c) and shall have the authority described in Subsection (d) with respect to all matters it reviews.

Thus, under the LTD Plan, Federal Express was responsible for appointing an appeal committee to make final decisions on long-term disability benefits claims.

*Id.* at 48–51.  Section 5.3(d) gives this appeal committee the power "to interpret the Plan's provisions in its sole and exclusive discretion in accordance with its terms . . . ." *Id.* at 51.

Federal Express originally named an internal appeal committee, the Benefit Review Committee, to review denials of long-term disability benefits claims.  Def.'s Ex. B, ECF No. 23-3.  On September 1, 2008, pursuant to a decision by the Retirement Plan Investment Board ("Investment Board"),[3] Federal Express and Aetna amended their Service Agreement.  Def.'s Ex. C & D, ECF No. 23-4, 23-5.   The corporations contracted that Federal Express "delegates to Aetna discretionary authority to render eligibility and benefit determinations . . . .  FedEx Express acknowledges that it will not have the responsibility for making any final appeal benefit determinations on appeals received for claims . . . ." Def.'s Ex. D, ECF No. 23-5.  The parties agree that in this case the Aetna Review Committee, an Aetna entity, made the final decision on Plaintiff's long-term disability benefits claim.

**1.  The LTD Plan Was Not Properly Modified to Allow Delegation**

Defendant argues that the Plan Instrument set out procedures for modification of the LTD Plan, and that Federal Express properly followed these procedures to authorize a delegation of its discretionary authority to make appeals decisions to Aetna.  Def.'s Cross-Mot. & Mem. Supp. Summ. J. 9, ECF No. 23.  According to the Plan Instrument, Federal Express may modify the LTD Plan in writing "or as reflected in the minutes of FedEx Corporation's board of directors or any committee thereof or as reflected in the minutes of the Committee."[4]  Pl.'s & Def.'s Ex. A, at 61, ECF No. 21-1 & 23-2.  The

---

[3] The Retirement Plan Investment Board ("Investment Board") is the Committee authorized under the LTD Plan to administer the Plan, and to modify the Plan.  Roche Decl., at 4, ECF No. 23-1.
[4] The Committee refers to the Investment Board.

minutes from the Investment Board meeting reveal that the Board did not modify the plan to explicitly authorize delegation; rather, they "reviewed a proposal from the Federal Express Corporation Benefits Appeals group to outsource remaining long-term disability appeals . . . . Following a thorough discussion, the Investment Board voted to approve the recommendation."  Def.'s Ex. C, ECF No. 23-4.

In *Semien v. Life Insurance Co. of North America*, 436 F.3d 805, 811 (7th Cir. 2006), the court found that the plan administrator had expressly delegated its discretionary authority, because a "Plan Governance Amendment" set out "'Procedures for Identification of an Administrative Named Fiduciary.'"  In that case, the language of the amendment expressly vested the plan administrator with the right to delegate its authority, and set out a procedure for proper delegation.  In the instant action, the amendment did not modify the plan to allow for delegation, nor does it set out a procedure for delegation; rather, it simply outsourced the appeals process to Aetna.

Defendant also points to the explicit delegation in an Amendment to the Service Agreement between Aetna and Federal Express.  Def.'s Cross-Mot. & Mem. Supp. Summ. J. 9–10, ECF No. 23.  Relying on *Turner v. Retirement & Benefit Plans Committee Robert Bosch Corp*, 585 F. Supp. 2d 692, 699 (D.S.C. 2007), Defendant contends that the Court may look to documents other than the Plan Instrument to determine whether proper delegation occurred.  Defendant opines that the modified LTD Plan as reflected in the Investment Board minutes, combined with the express delegation in the amended Service Agreement, should afford Defendant the highly deferential abuse of discretion standard of review.  Def.'s Cross-Mot. & Mem. Supp. Summ. J. 9–10, ECF No. 23.

In *Turner*, Judge Duffy applied the *de novo* standard of review to a decision to terminate the plaintiff's long-term disability benefits, because a third-party administrator reviewed the initial adverse determination. *Turner*, 585 F. Supp. 2d at 701. In that case, the Plan Instrument clearly vested the plan provider with the *right* to delegate its discretionary authority to a third party; however, the plan provider explicitly delegated only partial authority to the claims administrator. *Id.* at 699. After looking to an administrative services agreement, Judge Duffy held that reserving the right to delegate is not enough—the plan provider must also explicitly delegate that authority. *Id.* at 701.

*Turner* does not stand for Defendant's proposition that an explicit grant of authority in a service agreement is enough to trigger the abuse of discretion standard of review. The court in *Turner* stated that "*where a plan instrument reserves to the plan provider the ability to delegate discretion* to a third party administrator, any decisions made by the administrator within the scope of properly delegated discretion is subject to the abuse of discretion standard of review." *Turner*, 585 F. Supp. 2d at 698 (emphasis added). In *Turner*, the plan instrument vested the plan administrator with the right to delegate; however, the administrator did not properly exercise that right. In contrast, in this case, the Service Agreement evidences an explicit delegation of authority to Aetna; however, the LTD Plan does not authorize such a delegation. As outlined above, the LTD Plan was not properly modified to allow for delegation; thus, delegation remains improper, even though the Service Agreement explicitly stated that a delegation had been made. *See Roush v. Aetna*, No. CV 09-751-PHX-NVW, 2010 WL 2079766, at *12–13 (D. Ariz. May 24, 2010) ("A delegation of the authority to administer an ERISA plan must be made in clear terms on plan documents. . . . [W]here the plan documents do not give the fiduciary the power to delegate its authority, delegation is improper even

when an ASA [Administrative Services Agreement] purports to delegate such authority.").

### 2. Plan Did Not Authorize Aetna Appointing the Appeal Committee

In the alternative, Defendant argues that the LTD Plan allowed for an Aetna entity to make final decisions on long-term disability benefits claims under Section 5.3 of the Plan Instrument. Def.'s Cross-Mot. & Mem. Supp. Summ. J. 10, ECF No. 23. Section 5.3(c) states that "[t]he Administrator shall *appoint* an appeal committee for the purpose of conducting reviews of denial of benefits," but it does not specify how the Administrator will appoint the committee. Pl.'s & Def.'s Ex. A, at 48, ECF No. 21-1 & 23-2 (emphasis added). Defendant contends that the lack of specificity in Section 5.3 allows an Aetna entity to serve as the appeals committee.

Until September 2008, appeals of adverse long-term disability benefits claims decisions were heard by an internal Federal Express review committee. Def.'s Ex. C, ECF No. 23-4. According to the Investment Board minutes, Federal Express outsourced this appeals process to Aetna. *Id*. Federal Express did not appoint a new appeals committee; rather, Aetna was given the responsibility for providing the appeals procedure. Def.'s Ex. B, ECF No. 23-3. Section 5.3 of the Plan Instrument vests Federal Express with the right to appoint an appeal committee, not the right to outsource the entire process to a third-party.

Furthermore, Section 6.1 of the Plan Instrument says that "[n]othing contained in this section shall prevent the Administrator from delegating non-fiduciary administrative duties to the Claims Paying Administrator or others as described in this Plan . . . ." Pl.'s & Def.'s Ex. A, at 58, ECF No. 21-1 & 23-2. However, the Plan Instrument does not say that the Administrator can delegate *fiduciary* duties to Aetna, the Claims Paying

Administrator.  In *Wallace v. Johnson & Johnson*, 585 F.3d 11, 15 (1st Cir. 2009), the court stated that:

> For delegation, it is hard to divine what Congress could have wanted any plan to contain beyond a grant of authority to delegate, together with any limitations that might exist on any such grant or the method of making it. . . . [T]he 1974 House and Senate conference Reports on ERISA suggest only that if delegation authority were limited, that limitation should be spelled out.

In this case, the LTD Plan did not grant Federal Express the authority to delegate.  In fact, the LTD Plan limited Federal Express's authority to delegate to non-fiduciary duties, and "[t]he power to appoint fiduciaries is itself a fiduciary function." *Kling v. Fidelity Mgmt. Trust Co.*, 323 F. Supp. 2d 132, 142 (D. Mass. 2004) (citing *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996).  While Federal Express could have appointed an Aetna entity to serve as the appeal committee, and set out the procedures for the appeals process, that did not occur in this case.  Instead, Federal Express improperly delegated the power of appointment to Aetna.

Accordingly, as Federal Express delegated its final decision making authority to Aetna, and the LTD Plan did not contemplate or authorize such a delegation, this Court will review the decision to deny Plaintiff's long-term disability benefits claim *de novo*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment is GRANTED, and Defendant's Cross-Motion for Partial Summary Judgment is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November  28 , 2012
Anderson, South Carolina